Federal Trade Commission v. Renson, 17669. Mr. Molinaro. Good morning, Your Honors. May it please the Court, Jeffrey Molinaro, and I represent the appellant in this case, Joseph Renson. May I reserve two minutes for rebuttal? Yes. Thank you, Your Honor. When we look at the plain language of 362b-4, and we look at what this Court... Mr. Molinaro, let me start off. What are you appealing here? We are appealing the finding by the lower court that the bankruptcy stay, the automatic stay under 362, does not apply to Mr. Renson's contempt proceeding. Well, I don't see any finding. I see a minute entry and a docket entry that probably took about two seconds to write. That's what you're appealing, correct? Correct. The docket entry, the order... Then this case went forward, and there was a hearing, if I'm recalling correctly, and he determined whatever he determined, and Mr. Renson, your client, has filed an appeal from that determination. Judge Hall, I think the procedural posture was we filed, we asked for the stay. The stay was denied. We asked this Court to enter a stay pending appeal. This Court entered a stay pending appeal, and then in defiance, or just because the district court didn't see it, or whatever reason, the district court ignored this Court's stay pending appeal on this issue, and then entered a contempt order. All right. And you've appealed the contempt... Your client has appealed the contempt order. Yes. We appealed the contempt order because we moved for reconsideration. We asked that the Court vacate, and the Court said, I can't vacate. If you're arguing I don't have jurisdiction to enter it in the first place, I can't vacate. You're going to have to take it up with the Second Circuit. We discussed the matter with the FTC, and both parties agreed to ask this Court to hold that appeal in abeyance pending this appeal because this appeal could render it all moot anyways. So what is it that the district court did, actually did to your client beyond citing him for contempt? Well, one, he labeled our client a contempt order, which only becomes... He cited him for contempt. Correct. And which means my client now, in terms of, instead of paying a judgment vis-a-vis, now has to prove either inability to pay or has to purge that contempt some way. And what the... All that stayed pending bankruptcy. Well, Your Honor... Is that right? The payment? Yeah. Well, the payment would be stayed pending bankruptcy, but... And there's no... He's under no threat of incarceration while the bankruptcy is pending. Is that right? My understanding is, no, he's not. But the purpose of the stay, as this Court explained in Brennan, is... So what's happened to your client beyond having him cited for contempt? What, if anything? Well, what we have going on, and I think this requires an explanation of what's going on in the bankruptcy court if the court is not aware, the bankruptcy trustee has moved in an adversary proceeding to declare the very same assets that the FTC argued in both their answer and in their opposition to the stay that Mr. Renson has available to him to pay their judgment. So now we have uncoordinated proceedings. And the potential exists because now... And I don't like to use the order that was entered after this Court's stay. I mean, the bankruptcy court at some point will have to sort that out about who gets the money, right? Well, it's not even who gets the money, Your Honor. It's what the FTC has done is avoid the plain language of the statute, because the statute provides... All they've done is cited your client for contempt. Correct me if I'm wrong. They moved for contempt. But what the statute says... The judge says you're in contempt, right? After this Court entered a stay, yes. The judge said you're in contempt, right? The judge has found, after the fact, yes. Okay. So my question to you is, doesn't an Article III district judge, notwithstanding the bankruptcy stay, have authority to cite someone for contempt? Whether there can be consequences is another issue. So for example, I'm the lower judge. The bankruptcy stay is triggered by the filing. The litigant says, that district court judge, he's just an idiot. He just doesn't know what he's doing. He's a disgrace. Nobody should pay attention to him. The district court, under those circumstances, notwithstanding the stay, has the authority, does he not, to cite the man for contempt? If we're... I think in two parts. I'd like to take it in two parts. If we're looking under the statute, under the bankruptcy statute, once a... My question was, does not a, under the circumstances similar to that, doesn't an Article III judge have inherent power to cite someone for civil contempt? Well, the FTC argues, yes, under vindication. And I'll rely on my brief to the extent I don't believe vindication is a proper basis of civil contempt. And even the cases that the FTC relies on for vindication... You can say all this, but I need an answer to my question. That's a yes or no question, I think. Before you go into these long-winded explanations, please just try to answer the... I'm just... This is an interesting, somewhat complicated question, so I'm trying to get help from you. My answer would be... This is your chance to... No, Your Honor. ...bolster your case. No, Your Honor. The lower court cannot hold simply for the failure to pay a money judgment in contempt. The cases the FTC relies on to get there say it's something more. It's failure to make an accounting and not pay a contempt. It's lying to the court. None of that has happened here. Under a vindication theory, it can't simply be not paying, and it can't simply be, I filed for a bankruptcy stay. What the FTC's really asking this court to do is rewrite the statute and ignore the fact that the statute says... Mr. Molinaro, let's go back to what I was asking you first. Isn't all of the arguments that you are making or attempting to make all arguments that are actually cognizable in the second appeal, docket 17, 1587, which is not before us? The only issue before us is the minute note that Judge Crotty wrote in the margin of the order. Sorry, the margin of the motion, right? Yes, the minute order saying the bankruptcy stay does not apply. You're arguing to us about whether contempt is proper or not proper. That's a different appeal, and it's not in front of this panel, right? You'll agree with that? Correct, Your Honor. We're only arguing the stay. And under the plain language of the statute... Why isn't that stay, why isn't Judge Crotty's minute note merely a non-final order, a non-final notation, not subject to appeal? Your Honor, I would first say I think the FTC waived it by appealing, by appealing. We raised that whenever we want to, when we think it's an issue. Now tell me why this is not just a non-final order that doesn't get the back of our hand, and you can take all of your arguments that you are making today or attempting to make today up with the next panel that is hearing your appeal from the contempt order that was actually entered. Well, one, I think we believe that the contempt order was inappropriately entered because it was entered after this Court's stay. That's not our issue. That's in front of the next panel. Correct. And the second is it goes to the Court's... That's not an issue. Why is this not a non-final order that you are appealing? I believe because it goes to the Court's jurisdiction. Yeah, exactly. And we don't have jurisdiction over a non-final order. You agree with me on that? To the extent, well, generally speaking, yes, minus certain exceptions under the collateral order doctrine or other issues that haven't been briefed before the Court, yes. Is there an exception that applies to this order that to this note, minute entry in the margin of the motion to hold briefing schedule and abeyance cover sheet? Your Honor, off the top of my head, I wouldn't know. I'd have to supplementarily brief the issue. If the Court wants us to engage in briefing on whether the collateral order doctrine or any other doctrines apply, we'll certainly engage in that briefing. I see my time has expired. Well, yeah, but you're not going to get off yet. Okay. Wouldn't you agree with me if this is... Yes, Your Honor. I'm sorry. Can you repeat the question? I didn't hear everything. Sure. I'd be happy to. Would you agree with me that if this is a non-final order from which this appeal, which is the only thing subject of the notice of appeal in this case, if it's a non-final order that we do not have jurisdiction and it needs to be dismissed and you have not waived any arguments with respect to contempt? Well, I think that would ultimately determine if there's no exception that applies. I can't commit one way or another to the general proposition. If no exceptions apply, which normally would apply that we'd have to analyze on whether a non-final order goes up, then your answer would be yes. If there's no exceptions and it's a non-final order and there's no jurisdiction because there's a non-final order and no exceptions, then the answer would be yes. Okay. And would you also agree with me that what we are arguing about or attempting to argue about here today, which is Judge Crotty's minute order, is also cognizable within the context of the appeal that is pending that is not before this panel? I.e., if he entered an order in violation of the stay, which is what he said he can do, and then he has gone on to enter the order, that you have that issue preserved, if you will, for argument before the panel that gets your next appeal? I don't know the answer to that. Yes. Well, you can't. Maybe I'm in the contempt appeal. I haven't analyzed that issue. I will say this much to the Court. Are you the counsel in that appeal? That's where I was going. I am the counsel on that appeal, but that appeal has been stayed. But I will say this much. In the lower court, in order to, I think, preserve in case of such an issue, because there was post-trial briefing or post-hearing briefing that was told to continue, we raised the issue below in our post-hearing briefing after the Court said the stay doesn't apply. We said that the stay applies in the post-hearing briefing prior to the issue of the order of the lower court finding Mr. Renson in contempt, which was issued after this Court stay. Does that clarify? No. The issue was, this issue was re-raised in our post-hearing findings of fact, conclusion of law briefs that were submitted to Judge Crotty after the lower court made the decision it did on whether the stay applied. But it wasn't a straight reconsideration. I have one question for you. I'm studying this record. I'm not clear what your endgame here is, because as I read the record, and I concede it's not fully complete, at the end of the day, this debt is going to be non-dischargeable because of the false pretenses, isn't it? Well, Your Honor, I think this Court has made clear that's not for this Court to decide. It's not for the District Court to decide. It's for the Bankruptcy Court to decide. The FTC has filed a summary judgment on that matter. Renson was found I'm not looking to decide it. I'm just asking you the question. I have enough work. Judge, our answer is no. The debt would be dischargeable. The FTC moved for three basis to find the debt not dischargeable. Mr. Renson has already been favorable on one. The other two are still pending on summary judgment. What did he win on? Actual fraud? He won on collateral estoppel. They said that we couldn't argue that the debt was that fraud wasn't committed. I believe the two counts that the FTC brought, the two remaining counts are I don't want to belabor it, but from looking at the statute and looking at the record, this just smells of non-dischargeability. I think the other issue is, though, Your Honor, is the uncoordinated proceeding regarding the assets. What we have is the bankruptcy trustee has also filed an adversary proceeding and said that Mr. Renson's homestead and Mr. Renson's income derived from annuities, which were in an offshore trust, which in the answer brief the FTC says these are the same assets that should go to satisfy my debt. Bankruptcy trustee is saying those assets need to be turned over, but needs to repay any money he derived from that income. I see all that. I understand it's a complicated set of issues presented and I see you going to be gainfully employed in this case for a while. Thank you. Thank you, Your Honor. Thank you very much. We'll hear from the FTC. Good morning, Your Honor. Imad Abged for the Federal Trade Commission. If I may first address a couple of the questions that came up before. I hope that the first of those questions is a jurisdictional question. Yes, absolutely. Your Honor, whether or not that minute order by Judge Crotty is deemed to be final order, the issue certainly would continue to be alive in the other, unless this Court actually rules on the stay issue. That's the way that it must necessarily be. Absolutely. Yeah, so the issue would still be alive in the appeal that's currently in abeyance by this Court. A couple of corrections to the record. First, Mr. Renson is not in violation of not paying a money judgment. This was an injunction by the Court. He's violated, in fact, two injunctions. He first violated the first injunction that was entered as a consent in 2010, and then the order that's in 2016 that was entered by the District Court after the first appeal. This is the third appeal to this Court. After the first appeal was an injunction, and the language of that order was, in fact, affirmatively disputed by Mr. Renson and was overruled by the District Judge. So it's not a simple money judgment. It's an injunction to undertake certain steps, which Mr. Renson has done neither or none of them. Mr. Abiyad, let me ask you, though, and I appreciate your arguments here, but aren't all of these arguments essentially arguments that will be made and heard and on which there will be an actual decision in the appeal that I referred to earlier, 17-15-87, that appeals what Judge Crotty finally entered as an order? Yes, Your Honor. These arguments can still be made in the other appeal. Well, still. I mean, they're not really relevant to what we're doing here because all we have is this little note that says the stay doesn't apply here. Well, Mr. Renson's position, I guess it would be relevant if you take Mr. Renson's position that once he files a petition, everything comes to a screeching halt. He could be in the courtroom before the judge, and the judge is deciding a motion for contempt, and he gets a call from his counsel that he just filed a bankruptcy petition. Very simple question. Yes. Is an order that finds that the automatic stay in a bankruptcy action does not apply, is that a final order? Have we ever said anything about that? Has the Supreme Court ever said anything about that? Has any circuit said anything about that? In fairness, Your Honor, neither party briefed the issue, but it is my understanding of what the final order should be. I would think it would not be a final order, and I was under the impression it is up to your own interlocutory appeal, but certainly I don't think it would satisfy the collateral order. When you say that you're under that impression, what gave you that impression? That it is up to your own interlocutory appeal? Yes. That the jurisdictional issue was never briefed by, I mean, that's something that we usually look at, and we have not. It might be helpful next time if you did. Absolutely, Your Honor. Thank you. The two other points that Mr. Malnari made that I don't believe are correct, one, that there could ever be a potential conflict between what the district court did and what the bankruptcy court is doing. There is nothing in the FTC's request for a determination of contempt and a state sanction, regardless of what that sanction's nature is, there is nothing that would in any way affect what the bankruptcy court is doing. If the effect of the district court's order is to require money to be paid to the FTC for disbursement, well, it could. Absolutely, but that's not something that we have asked for, Your Honor. That is not what the district court intimated it would do in the hearing and then later did in the actual contempt order. Nothing in that order and nothing in what the FTC requested, in fact, would interfere with the ongoing bankruptcy proceedings. The last correction I'd like to make is on the non-dischargeability. I think Judge Parker is exactly right. There have been many courts in the past that have ruled that the equitable money judgment that the FTC gets for deceptive practices are non-dischargeable in bankruptcy. That issue is before the bankruptcy court right now. There's a summary judgment that's been completely briefed and it's set for a hearing before the judge. As you said, it hadn't been briefed. What this man did seems to me has all the indicia of non-dischargeability. It just smells of fraud. Correct, Your Honor. That brings me to another point that I would like to make, which is why the FTC still needs this contempt ruling? First and foremost, certainly vindication of the court's demand to Mr. Renson to do step one, step two, step three. What are those steps? Step one? One was to turn over money to the FTC. Another one was to secure . . . I asked you that question two minutes ago and you said, no, that's not what you . . . That was in the first . . . It is a little complicated, Your Honor. There are two contempt orders that now have been passed by the district court. One is current. It is subject to the appeal that's now in abeyance here. But there is the order that was entered by the district court in 2016 that was also a contempt order because Mr. Renson had failed to comply with an earlier order of the district court. That 2016 order, another injunction, required Mr. Renson to do a couple of things. One of them was turn over part of the judgment. The judgment was 13 plus million dollars. He was to turn over 8 million to the FTC and he was to secure a bond or a letter of credit for the remaining money. If he did neither of those two, then he was to turn over the entire 13 million instantly to . . . And you tried to hold him in contempt for that? We held him in contempt for doing none of those. That sounds to me like an enforcement action. It is a contempt for failure to pay, which is exactly what was the case. You're not seeking to enforce a money judgment during the period of the stay? Correct. Exactly. Did you get any money during the . . . No. We're not asking for any money while the bankruptcy procedure is going on. We're asking for a determination of contempt. Why? Because it does two things. One, it preserves the record and shifts the burden to Mr. Renson. When the bankruptcy proceeding is over, it becomes his burden to show complete inability to pay any part of that judgment. That's one. Two, it is very useful for assets that are either determined not to be in the bankruptcy estate or that are post-bankruptcy estate. If he acquires any assets post-petition, those would not be subject to the bankruptcy, but they would be subject to the equitable money judgment that's against him by the FTC. Lastly, of course, is to preserve the resources of the judiciary and the federal government. The evidence and the hearing had been completed in this proceeding. The judge had intimated, in fact, during the hearing where he's probably going, as he, in fact, did when he issued his decision. Two days before his post-trial hearing brief was due, he filed for a bankruptcy petition. So, Mr. Abiyad, you will agree with me, based on your familiarity with the notice of appeal in this case, that all of the information you have kindly provided us over the past eight minutes or so is not before us because it's all related to the contempt order that was actually entered that's not on the agenda. And the fact that it's in the contempt order itself is not before you right now. That's correct. But what's before us is the motion is denied. The automatic bankruptcy stay is not applicable to the proceedings in the matter. Rather, the proceedings fall within government regulation, et cetera. The briefing schedule is reinstated. I think that's what it says. Correct. But he did determine that 364 That's the only order before us. Correct. All right. And so everything that you've been telling us about the contempt order is not before us. Correct. What is before you is helpful background information. Yes, but there are things that are properly before you, Your Honor, which is what the remedy that the FTC asked for in the first place. No, no, no, no, no. The only thing is this order of March 6, 2017, which I just read to you, the motion is denied. So let me ask you, you don't have to answer that. I'm just reflecting on these things and the panel will discuss this and enter a further order. Let me ask you, though, in terms of housekeeping, if we decide that this is essentially, we don't have jurisdiction to hear this, should we lift the stay with respect to the proceeding I gave the docket number earlier in which the contempt order is actually on appeal and let that proceed? Yes, Your Honor. There is the only perhaps wrinkle in this is that the order was issued clearly inadvertently by the district judge after an administrative stay had been issued by this court. So it might be that the . . . I'm sorry? And I don't know the answer to this. Is it the FTC's position that our, this court's administrative stay is still in effect? Well, no. Subsequent to the administrative stay, there was an actual stay order. But there was an administrative stay and effectively on the very same day, I think the next day, the district court issued the contempt order. To follow up on what Judge Hall has been asking you over and over again, why doesn't it make imminent sense to have all of this decided at one time before one panel? It would for . . . As far as we're concerned, Your Honor, it would. I would love that. This is the third of four appeals before this court in this case. You know what you're dealing with. I mean, you're dealing with . . . Yes. We're perfectly happy with that. My only . . . Yes. It's a recurrent story in our line of business. Et cetera, et cetera. But if I . . . Just the one issue that I would like the panel to give some thought to, which is if the panel believes that the district court was without jurisdiction because of the administrative appeal, then there may be a jurisdictional problem with that order. And maybe the best thing to do is to remand, perhaps dismiss both appeals, allow the district court to enter the appeal without any jurisdictional cloud, and then if Mr. Renson would like . . . Is there a jurisdictional cloud in the other appeal? There may be, Your Honor. And what might it be? That the . . . When Mr. Renson moved for a stay pending appeal in this court, the clerk referred that motion to a panel. But pending the decision of the panel on the stay, issued an administrative stay. That the district judge was not aware of the administrative stay and issued its contempt order subsequent to the administrative stay. When you say administrative stay, you mean a one-judge stay? Yes. So an application . . . Yes. Just so that we're all clear, I believe that this is the sequence of events. That there was an appeal, a notice of appeal filed. There was in tandem with that an application for a stay. An applications judge on our court, the Second Circuit, granted an administrative stay pending resolution by a motion for a more permanent stay. Immediately after that administrative stay, what happened was that Judge Crotty, probably unaware of the existence of the administrative stay, entered this order of contempt with . . . That's at issue in the other case. And there was also, but maybe this is where I'm wrong, the order, for lack of a better word, attached . . . that was scribbled on the motion and that is dated March 6, 2006. That's the order subject of this appeal. That's the subject of this appeal. Correct. And in connection with both of those, because there was a pending . . . there was an existing administrative stay, the question is whether that stripped Judge Crotty of the authority to do anything. There is no question of the administrative stay affecting the order that is the subject of this appeal. The March 6 order . . . Of the contempt appeal, yes. Of the contempt appeal, there may be a cloud for . . . Do I have that all right subject . . . Yes, Your Honor. Now you do. Exactly. All right. On the appellate jurisdiction issue, why don't we see this in the ordinary course if, for example, a district court ruled, denied, or granted a motion for relief from a stay? That would be appealable, would it not? That would be a final order. For a relief from a stay. A specific motion for relief from a stay. If the district court denied that, or granted that, would that not be appealable? To grant relief from a stay, I believe . . . Is that not a final order? It is no different than granting a stay. Isn't that not a final order?  So that leads to the following question. Is the Federal Trade Commission . . . I'll ask you the same question, Mr. Molinaro . . . prepared to provide us with a letter brief by, say, next Thursday . . . Yes, Your Honor. . . . on this issue of appellate jurisdiction? Would be happy to. Monday morning. Monday? Oh, okay. Judge Parker is a little harsher than I am. Next Monday? By this . . . By this Monday. This Monday, the Federal holiday? Or next Monday? It's not a holiday under the rule. You get to give you some time. He's giving . . . he's being . . . I'm giving you . . . He's being nice. . . . fewer. So, Tuesday morning, 9 a.m. Yes, Your Honor. Absolutely. Mr. Molinaro? No, you can . . . you can . . . you know, send them up . . . send it up electronically. You don't have to bring it up. Anything . . . anything more? If that's it, Your Honor, we . . . that's it for the FTC. Thank you. Mr. Molinaro? Briefly, Your Honor, it . . . just to be . . . is there a re-argument on Tuesday or just the supplemental briefing? Just briefing. Just briefing. Okay. Yeah. No, you don't have to . . . Okay. I mean, we certainly wouldn't make you come back up here on that. We're tough, but we're not that tough. Thank you, Your Honor. Just a couple of quick points. I think with regard to the stay, the FTC has made it clear, first, with the temporary stay by this panel . . . Are you challenging jurisdiction in the other appeal? Is . . . Yes, because docket entry on this docket, docket entry 36, was the panel's granting of the order to stay. It went to a motion panel. Your position is going to be the other panel has no jurisdiction over the appeal from the contempt. The other . . . the . . . no, my . . . my . . . It would be that the lower court had no jurisdiction to enter the order because docket entry 36 in this court said, you can't enter anything, stay it, and he entered one anyway. But, you have no problems with the other panel answering that question. Is that correct? Whether the . . . no, of course. Exactly. Right. You're not contesting this court's jurisdiction in the appeal that you filed from the contempt order? No. This court isn't . . . that . . . the contempt order isn't on appeal here. What we did was we got the stay in docket entry 36 . . . The contempt order is not on appeal, and Judge Parker asked you about the subsequent appeal that was filed after the contempt order was entered. You're not questioning this court's jurisdiction to hear that appeal that you filed, right? No. If this court wants full briefing on it, that's perfectly fine, and we could consolidate the appeal. That panel, I'm sure, is going to want briefing on it, whatever issues you want to raise in that case. Correct. You're not challenging jurisdiction before that panel of this court, correct? Of this court, no, Your Honor. Not of this court. The only jurisdictional issue that we have . . . You're not challenging the jurisdiction that the other panel has over the appeal you filed. Is that correct? Correct. Thank you. Correct. Okay. Briefly, with regard to just a couple of comments of the FTC, I think the FTC made it clear that they're seeking to enforce a money judgment. The judgment that they referred to, the contempt finding in 2016, said Joe Renson will pay $8 million, and then Joe Renson will pay $5 million, and if he doesn't, he has to pay all $13 million. Other appeal, right? Now it's clear that that's the other appeal. That's only for contempt, not for whether the stay applies, because if he's enforcing a money judgment, that's this appeal. Why are you telling us this, in lieu of colloquy we've been having over the last 15 minutes? Just to preserve and clear the record, Your Honor. I think that they make it clear that they're enforcing a money judgment. On the merits, assuming that we have jurisdiction over the appeal in connection with the money judgment, I thought that Brennan, and maybe this is what your colleague on the other side was trying to argue, didn't prevent, let me put it that way, the entry of a money judgment, but what it prevented was the enforcement of a money judgment. And here, as I understand it, but you correct me if I'm completely wrong, Mr. Molinaro, the district court, at the request, I think, of the Federal Trade Commission, was very careful to make clear that it was not ordering the enforcement of the money judgment pending the stay. Your Honor, the problem with that logic— Can you answer— Am I right about my reading of Brennan? Before you critique the question, answer it. No, Your Honor, to the extent that Brennan says, once a money judgment is fixed, the government can go no further, and the money judgment— Fixing a money judgment is, by itself, not a problem, from the perspective of the money judgment exception. Fixing, no, but the judgment was fixed in 2016. The FTC is saying, now hold him in contempt for failing to pay the fixed judgment, and what they're saying is, this new contempt is just trying to fix the money judgment of the old contempt. We already have a number he's required to pay. Can you show me, other than the fact of the contempt determination, can you show me anywhere in this record where the court said, I am enforcing the money judgment, other than the fact of this contempt determination? The actual words, enforcing? Yes. Well, Your Honor— Do you rely entirely on the fact of the contempt finding? Is that correct, or is that wrong? I'm relying on what the FTC's basis was for moving for contempt. No, no, no, no. And then the— So the basis is one thing, but district court judges do different things. And here, what I want to know is, is there language, other than the fact of the contempt determination, that I can latch onto to say, oh, there is Judge Crotty enforcing the money judgment. Other than the contempt finding itself? The language in the contempt finding, I don't know if there's a word that says enforce. But what—and I'll conclude with this, Your Honor, unless there's any more questions from the panel. What it is, is there was a contempt finding in 2016 for which Joe Ransom was jointly and separately liable for, 2010. In 2016, the amount was fixed. Then there was a subsequent contempt proceeding saying, you didn't pay this fixed judgment. Pay me or go to jail. And what the lower court said was, well, you didn't pay this judgment. I'm holding you in contempt for not paying this judgment. You need to— And nothing is going to happen, by the way, during the duration of the stay. Correct. But you still have an uncoordinated—and I think this goes back to what we discussed earlier. You still have now the bankruptcy trustee and the district court fighting over the same assets to satisfy different creditors and putting the FTC in a position of a priority creditor and an uncoordinated proceeding, Your Honor. We eagerly await your letter briefs. Tuesday, 9 a.m.? Tuesday, 9 a.m. Thank you, Your Honor. Thank you. We'll reserve the decision and we'll adjourn.